## R. S. WILKERSON v. R. T. FANT & CO.

Western Section.   July 31, 1926.

Petition for Certiorari denied by Supreme Court February 26, 1927.

**Contracts.   Where there is no privity of contract between the parties there can be no recovery for money withheld under a contract.**

In an action by complainant against defendants to recover money which he claimed to be entitled to for work done for the State Highway Department and which was wrongfully withheld by defendants, where the evidence showed the complainant's contract was with the State Highway Department and defendants had no part whatsoever in it, held the complainant was not entitled to recover in his action.

Appeal from Chancery Court, Shelby County; Hon. I. H. Peres, Chancellor.

S. A. Wilkerson, of Gulfport, for appellant.

John D. Martin, of Memphis, for appellee.

OWEN, J.   R. S. Wilkerson has appealed from a decree of the chancery court of Shelby county dismissing his bill and denying him any relief.

On June 11, 1924, the complainant R. S. Wilkerson, a citizen of Memphis, Tennessee, and who had been doing business under the firm name of Chickasaw House Moving Company, filed his bill

against R. T. Fant & Company, a partnership composed of R. T. Fant and John D. Martin. Said partnership was doing a mercantile business and operating a cotton plantation at Clayton Mississippi. The complainants sought to recover $1111, with interest thereon. It was alleged that complainant had moved certain houses by virtue of a contract he had with the State Highway Department of the State of Mississippi, on the plantation operated by the defendants in Tunica county, Mississippi, and that complainant was to move these houses from where they were located on a certain farm operated by defendants, a distance of about one hundred and fifty or two hundred feet so that a highway could be constructed through the plantation known as the Clayton Plantation, and operated by the defendants. Complainant was to receive $2300 for his contract from said State Highway Commission and complainant alleged that he had done his work according to contract and he had received all of the $2300 except $1111; that the Highway Commission had paid this amount over to defendants instead of over to complainant, without any right or justification, and defendants were withholding this amount from complainant.

The defendants denied any privity of contract between defendants and complainant; that they did not have any of conplainant's money; that complainant had not finished his contract with the State Highway Commission, and that defendants had to do certain work and repairs to put the houses in as good condition as they were before they were moved and that the complainant had agreed to pay one H. G. Allen $436 for certain work which was to be deducted out of the $1111, and that the State Highway Department of Mississippi had to expend the balance of $675, which would have been due complainant, had he finished his contract, plus $187, to complete the work that the complainant did not perform, and which it was his duty to do under his contract.

A number of depositions were taken and at the conclusion of the introduction of testimony and argument of counsel, Chancellor D. W. DeHaven dismissed complainant's bill and filed a written statement of facts, consisting of seven or eight pages of the transcript. The complainant excepted to the action of the Chancellor, prayed and was granted an appeal to this court, perfected the same and has assigned six errors. The sixth error is, that the trial court erred in finding that the complainant was entitled to no relief, and in dismissing complainant's bill.

The other five assignments of error are more specific and give certain reasons why complainant's bill should not have been dismissed.

The first is, that one W. C. Lindley was the agent of the Mississippi State Highway Department, acting as local engineer and he accepted complainant's work in house-moving.

The second assignment is practically the same as the first, it being insisted that complainant's work having been once approved by the agent of the State Highway Department, the defendants will not now be heard to question the character of the work.

The third assignment is that the court erred in failing to find that H. G. Allen, the agent and representative of the defendants was on and about the work from day to day as the work progressed, and that he (Allen) did not question the character of complainant's work.

The fourth proposition is that the court erred in failing to find from the evidence that the complainant did perform the work provided for in the contract in accordance with the terms and provisions of said contract and the fifth proposition is that the court erred in failing to find from the evidence that the defendants were liable to the complainant for $1111 collected by them from the Highway Department of the State of Mississippi on the 26th day of November, 1923.

It appears that the plantation operated by R. T. Fant & Company was owned by Mrs. R. T. Fant and certain of her relatives.

On October 3, 1922, R. T. Fant, representing his wife and other owners of the Clayton Plantation, entered into a written contract with the Board of Supervisors of Tunica county, Mississippi, whereby R. T. Fant, representing the owners of the Clayton Plantation, agreed to sell 9.01 acres of land to Tunica county for highway purposes. Paragraph 3 of said contract provides:

"The board guarantees that the owners of the Clayton Plantation will be put to no expense on account of the moving back of the houses above referred to, and said houses when moved back shall be in as good condition as now, with reference to state of repairs, livable conditions and conveniences."

The fifth paragraph of said contract is as follows:

"The said Fant further agrees that the houses, fences, trees, etc., belonging to the owners of the Clayton Plantation, necessary to be moved in order to clear the right-of-way for the highway will be moved back such reasonable distance as may be agreed upon between the parties hereto, provided such removal be made without expense to the owners of the Clayton Plantation; and provided further that said houses after being moved with reference to their livable conditions, plumbing, wiring, and other conveniences, shall be in as good condition as before removal.

"It is understood that the work of actually removing the houses will be done by the State Highway Commission."

The contract was one between the owners of the Clayton Plantation, Mrs. R. T. Fant and her relatives and the Board of Surveyors of Tunica county Mississippi. It is dated October 3, 1922.

On February 19, 1923, the Mississippi State Highway Department entered into a contract with the Chickasaw House Moving Company of Memphis, Tennessee, this being the trade name of complainant, for the moving back of four houses, outbuildings, fences, etc., on the Clayton Plantation, not exceeding 200 feet. The negro cabins were also included in the contract. It was agreed all fences, water lines and sewers were to be removed and reconstructed in the best possible manner. The complainant was to be paid on the 15th of each month after he began his work, less twenty-five per cent of the estimate of the work done by the 15th of the month, to be retained until the work was completed to the satisfaction of the Mississippi State Highway Department.

It will be seen that defendant was not a party to the contract between Mrs. Fant, owner of the Clayton Plantation and the Board of Supervisors of Tunica county. Neither was the defendant a party to the contract between the Mississippi State Highway Commission and complainant. It appears that complainant sued the Mississippi State Highway Department, and while he was met with the proposition that he could not sue the sovereign State of Mississippi or an arm of said government, yet the Attorney-General of the State of Mississippi agreed that if the cause was transferred from a court of law in said State of Mississippi to a court of equity the Attorney-General would file a bill of interpleader and let complainant and the defendant settle their rights as to who was entitled to the $1111. This suit pended for awhile in Mississippi and complainant dismissed same. The Supervisors of Tunica county Mississippi purchased nine acres of land for Highway purposes through the Clayton plantation for the sum of $2000. The State Highway Commission agreed to remove all houses that would be in line of construction of the new highway, which land was purchased for the purpose of straightening and shortening a certain State Highway from Clayton to Tunica, Mississippi. As to whether complainant completed his contract or not with the Mississippi State Highway Commission, there is a sharp conflict of evidence. However, complainant admits that he agreed to pay H. J. Allen $436 for the account Allen filed with the State Highway Commission, and which $436 was properly retained out of the $1111.

Complainant is insisting he should be paid, or should recover $675, which amount Allen or the defendants received for certain work that they performed in repairing the houses that were moved. This account consists of the following items:

1923

| | |
|---|---:|
| Reroofing two tenant houses | $92.75 |
| Rebuilding pillars under two tenant houses. | 10.00 |
| Leveling Furr house | 30.00 |
| Cleaning brick and rebuilding pillars and two chimneys bottoms Furr house | 54.00 |
| Reroofing Furr house | 136.75 |
| Building fence Furr house | 10.00 |
| Repapering Furr House | 158.00 |
| Repapering three rooms H. J. Allen house | 85.00 |
| Tearing down, cleaning brick and rebuilding two chimneys, H. J. Allen house | 85.00 |
| Repairing and leveling H. J. Allen servant house | 35.00 |
| Braching H. J. Allen house | 15.00 |
| Rebuilding H. J. Allen's potato house | 15.00 |
| Leveling & repairing coal house & chicken house | 20.00 |
| One broken grate, H. J. Allen's House | 5.00 |
| | $751.50 |

There is proof to show that it was necessary to repaper these houses and to reroof them.

The greatest trouble between complainant and the defendant is that the contract defendants made with the State Highway Department in regard to moving these houses and replacing them in as good condition as they were before they were touched, is broader and incurs more expense than the complainant could have anticipated under his contract with the State Highway Department, and we are of opinion and find as a fact from the evidence that the houses and improvements, after removal, were not in as good condition as when the contract between the owners and the board of Supervisors of Tunica County was made. Under said contract, said Board of Supervisors guaranteed that the owners of the Clayton Plantation will be put to no expense on account of the moving back of the houses above referred to, and that said houses when moved back shall be in as good condition as now, with reference to state of repair, livable conditions and conveniences, but the contract· by the owners of the plantation was with the Board of Supervisors of Tunica county.

There was no privity of contract between the owners and the State Highway Commission.

The guarantee by the Board of Supervisors to the owners that the houses and improvements would be in as good condition, after removal as before was a part of the consideration going to the owners.

Under the contract between complainant and the State Highway Commission, the work was to be completed to the satisfaction of the State Highway Commission, and according to the judgment of the Project Engineer, W. C. Lindley. The record shows that the work was not completed to the satisfaction of the Highway Commission and not performed to the judgment of the Project Engineer.

We are of opinion that Lindley did not act as fairly and as conscientiously towards the complainant as he should have done as to the inspection of the work that was performed by complainant in moving the houses. However, the owners of the property and the defendants took up their protest through Major Hoskins of the State Highway Department and he made an inspection of the work and reported that the complainant had not done his work according to the terms of the contract and he ordered Allen to complete the work and put the houses in as good condition as they were before they were moved. The defendant had no part whatever in the moving of these houses and improvements, and there being no contractual relations whatever between the complainant and these defendants and the money paid for repairs being paid on houses that were put on lands not owned by the defendants, it appears that the defendants received no money belonging to complainant and we are of opinion that there was no conspiracy or fraud between the defendants and the engineers who represented the State Highway Department, and that the defendants are not liable to the complainant for the $675 which he now claims.

We find as a further fact that the defendants did not interfere with the complainant in performing his work. We are of opinion that the complainant has done more work than he received compensation for, but the defendants have not prevented the State Highway Department from paying this complainant. However, we are further of the opinion that the complainant did not complete his contract, and the State Highway Department had a right to retain twenty-five per cent of the work done, or the whole of the contract until the work was completed, which would be almost equal to the balance that complainant now claims. Complainant's right of action is with the party with whom he made the contract.

We find no error in the decree of the Chancellor in dismissing complainant's bill. The assignments of error are overruled and the judgment of the lower court is affirmed. The defendants will recover of complainants the costs of the cause, including cost of appeal, for which execution will issue.

Heiskell and Senter, JJ., concur.